**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY GOOGLE LLC | ML No. **19-ml-1023** |

*Reference:*   *DOJ Ref. # CRM-182-68516; Subject Account: marekpolakowski66@gmail.com*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Google LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, California, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with **marekpolakowski66@gmail.com**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.

In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order.  *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5.  Authorities in Poland are investigating unknown suspect(s) for attempted fraud and forgery offenses, which occurred in November 2018, in violation of the criminal law of Poland, specifically, Articles 13, 270 and 286 of the Polish Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

the criminal investigation and/or prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, on November 5, 2018, the enforcement officer at a district court located in the Polish town of Tomaszów Mazowiecki (the "Victim") received an e-mail message from e-mail account **marekpolakowski66@gmail.com** ("Account").  In the e-mail message, the unknown suspect(s) indicated that he was initiating enforcement proceedings against the State Treasury of the town of Tomaszów Mazowiecki and requested the amount of PLN 269,000,000 (approximately USD 71,311,900).

7. Attached to the e-mail message, the unknown suspect(s) had included documents, which were determined to be false, that portrayed final rulings by a district court located in a different Polish town, authorizing pecuniary claims against the State Treasury of the town of Tomaszów Mazowiecki.  The documents were allegedly signed by the Prime Minister, Minister of Finance, and Head of Tax Office of that town.  Attached to the e-mail message was also an alleged writ of execution from the district court in that town.  The Victim did not execute the request for enforcement and did not pay out the money.

8. In order to further the investigation and identify the unknown suspect(s) responsible for the attempted fraud and forgery scheme, Polish authorities are seeking non-content information from PROVIDER to locate and identify the user of the Account.

## REQUEST FOR ORDER

9. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under

investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                            Respectfully submitted,

                            VAUGHN A. ARY
                            DIRECTOR
                            OFFICE OF INTERNATIONAL AFFAIRS
                            OK Bar Number 12199

By: _____
      Ruxandra Barbulescu
      Trial Attorney
      NY Bar Number 2988228
      Office of International Affairs
      Criminal Division, Department of Justice
      1301 New York Avenue, N.W., Suite 800
      Washington, D.C.  20530
      (202) 305-4136 telephone
      (202) 514-0080 facsimile
      Ruxandra.Barbulescu@usdoj.gov

## Relevant Provisions of the Polish Criminal Code

**Article 13 (Attempt)**
§ 1. Whoever with the intent to commit a prohibited act, directly attempts its commission through his conduct which, subsequently however does not take place, shall be held liable for an attempt.

**Article 270 (Forgery)**
§ 1. Whoever, with the purpose of using it as authentic, forges, or counterfeits or alters a document or uses such a document as authentic shall be subject to a fine, the penalty of restriction of liberty or the penalty of deprivation of liberty for a term of between 3 months to 5 years.

**Article 286 (Misleading Disposition of Property)**
§ 1. Whoever, with the purpose of gaining a material benefit, causes another person to disadvantageously dispose of his own or someone else's property by misleading him, or by taking advantage of a mistake or inability to adequately understand the action undertaken shall be subject to the penalty of deprivation of liberty for a term of between 6 months and 8 years.

**Article 294 (Penalties)**
§ 1. Whoever commits the offence specified in . . . Article 286 § 1 . . . with regard to property of considerable value shall be subject to the penalty of deprivation of liberty for a term of between 1 and 10 years.

**Article 115 (Property of Considerable Value)**
§ 5. Property of considerable value means the property whose value at the time of the commission of a prohibited act, exceeds two hundred times the level of the lowest monthly salary.